IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

SEPTEMBER 1997 SESSION



**FILED**

**September 19, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

TROY LEE GODWIN,     )
                          )    No. 02-C-01-9611-CC-00426
          APPELLANT,   )
                          )    Gibson County
v.                      )
                          )    Dick Jerman, Jr., Judge
STATE OF TENNESSEE,  )
                          )    (Post-Conviction Relief)
          APPELLEE.    )

FOR THE APPELLANT:

Troy Lee Godwin, 129279
Cold Creek Correctional Facility
P. O. Box 1000
Henning, TN 38041-1000

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Georgia Blythe Felner
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Clayburn L. Peeples
District Attorney General
110 South College Street, Suite 200
Trenton, TN 38382

Theodore H. Neumann
Assistant District Attorney General
110 South College Street, Suite 200
Trenton, TN 38382

OPINION FILED: _____

REVERSED AND REMANDED

Joe B. Jones, Presiding Judge

The appellant, Troy Lee Godwin (petitioner), appeals as of right from a judgment of the trial court summarily dismissing his suit for post-conviction relief. The trial court found the suit was barred by the statute of limitations. The petitioner contends he is entitled to the benefit of the one-year window contained in the Post-Conviction Procedure Act of 1995. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this Court the judgment of the trial court should be reversed and this cause remanded to the trial court for the appointment of counsel and an evidentiary hearing, if warranted by the allegations contained in the petition or any amended petitions which may be filed in the cause.

The petitioner was convicted of robbery with a deadly weapon, aggravated rape, and aggravated kidnapping on July 17, 1989. He subsequently appealed his convictions and sentences as of right. This Court set aside the sentences imposed by the trial court and remanded the cause for a new sentencing hearing. State v. Troy Lee Godwin, Gibson County No. 02-C-01-9103-CR-00037, 1991 WL 181805 (Tenn. Crim. App., Jackson, September 18, 1991). The petitioner subsequently appealed the sentence imposed by the trial court. This Court affirmed the sentence. State v. Troy Lee Godwin, Gibson County No. 02-C-01-9206-CC-00139, 1993 WL 22003 (Tenn. Crim. App., Jackson, February 3, 1993).

The petitioner filed this action, his first suit for post-conviction relief, on May 2, 1996. The state filed what was entitled a "preliminary response" on June 13, 1996. The state's response expressed the view that the petitioner's suit was barred by the three year statute of limitations. The trial court entered an order dismissing the suit on July 9, 1996.

This case is governed by Judge David H. Welles's opinion in Betsy Jane Pendergrast v. State, Rutherford County No. 01-C-01-9607-CC-00289 (Tenn. Crim. App., Nashville, May 16, 1997). In Pendergrast, this Court held the one (1) year statute of limitations contained in the Post-Conviction Procedure Act of 1995 was applicable. See Tenn. Code Ann. § 40-30-202(a). Thus, the petitioner's suit for post-conviction relief was not barred by the statute of limitations. In ruling, Judge Welles stated:

2

> At the time the Defendant's conviction became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). It is clear that the petition in the case sub judice was filed several days after the expiration of the three-year statute of limitations.
>
> The new Post-Conviction Procedure Act is applicable to this petition and all petitions filed after May 10, 1995. This Act repealed the three-year statute of limitations and enacted in its place a one-year statute of limitations. On the effective date of this Act, same being May 10, 1995, the repealed three-year statue of limitations had not yet run on the petitioner's right to file a petition for post-conviction relief. The 1995 Act provided, in pertinent part, that "notwithstanding any other provision of this act to the contrary, any person having a ground for relief recognized under this act shall have at least one (1) year from the effective date of this act to file a petition or a motion to reopen a petition under this act." 1995 Tenn. Pub. Acts Ch. 207, § 3.
>
> Because it is clear that the three-year statute of limitations had not run on this Defendant at the time the legislature repealed the statute and replaced it with a one-year statute, we believe that the provision quoted above provided this Defendant one year from the effective date of the Act or until May 10, 1996, to file [his] petition for post-conviction relief. . . . [T]he petition herein was timely filed on February 1, 1996 and should have been considered by the trial court on the merits.

Slip op. at 2-3 (footnotes omitted).

This Court adopts the holding and the reasoning of Judge Welles in Pendergrast.

Thus, the judgment of the trial court is reversed.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JOE G. RILEY, JUDGE